IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CA B-01-144 |
| | § | |
| HECTOR MENA-VEGA, | § | |
| Petitioner-Defendant | § | |
| ( CR B-99-354) | § | |

United States District Court
Southern District of Texas
FILED

DEC 17 2001

Michael N. Milby
Clerk of Court

## GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO STAY §2255 PROCEEDINGS.

I.

The Court ordered the Government to respond to Petitioner's, Hector Mena-Vega (hereinafter referred to as Mena) Motion to Stay 28 U.S.C. §2255 Proceedings filed on October 22, 2001 by December 17, 2001. The Government is unopposed to a stay of the instant proceedings to the extent the stay does not extend beyond January 16, 2002.

II.

On August 31, 1999, Mena was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re-entry, in violation Title 8 U.S.C. §§1326(a) and (b). He pled guilty to the indictment on September 9, 1999, without a plea agreement, before the Honorable Magistrate Judge Felix Recio ( R. 4; PSR 2). The statutory maximum for the offense was twenty (20) years.

The probation department scored the instant offense at base offense level 8, with a sixteen-level Specific Offense increase by virtue of his prior aggravated

felony conviction and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a)(b) for a total offense level score of twenty-one (21). His criminal history placed him in criminal history category VI (PSR 32). Mena contested four of his prior convictions, alleging that the cases had been "dismissed".

On October 14, 1999, at sentencing, the district court denied his objections, adopted the PSR as written, and sentenced Mena to seventy-seven (77) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered December 13, 1999.

On December 6, 1999, Mena filed Notice of Appeal. Mena was represented by the same counsel on appeal. On September 19, 1999, Mena's appeal was dismissed as frivolous (R. 21). *United States v. Mena-Vega*, No. 00-40027 (5th Cir. 2000). On September 19, 2000, the Fifth Circuit issued the mandate. On August 17, 2001, Mena filed the subject §2255 motion. On November 20, 2001, the government responded thereto. On October 22, 2001, Mena filed the instant motion for stay.

III.

In his motion for stay, Mena correctly questions the viability of his original complaints. He suggests that the stay is necessary to allow him time to overturn his prior state court conviction which triggered his enhancement under 8 U.S.C.

§1326(b). Mena suggests that by undoing the original "aggravated felony" conviction, his present sentence would be rendered a "fundamental miscarriage of justice" and justify vacating his instant conviction and sentence.

IV.

The Government does not oppose a short stay of the instant proceedings in order that Mena bring all available viable grounds to attack his conviction within the one-year limitations period set out in §2255(1). Here, under §2255(1), Mena has until December 17, 2001, to bring his grounds for relief under §2255[1]. His judgment became final upon the expiration of the time for filing petition for certiorari (90 days) following the Fifth Circuit's dismissal of his direct appeal and issuance of the mandate, or December 17, 2001. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000). If Mena wishes to withdraw his original §2255 petition, the government has no objection, however, an attempt to re-file the instant or similar petition at a later date, will meet with an objection as to its timeliness under §2255(1).

The Government objects to the indefinite stay sought as purposeless. The Government contests the underlying legal assumptions upon which Mena's motion relies.

The government concedes that a petitioner may attack his federal sentence if a prior conviction, which was used to enhance his instant conviction or sentence

---

[1] Pursuant to the prison "mailbox" rule, Mena must file his petition with the prison by December 17, 2001.

3

is overturned. *Curtis v. United States*, 511 U.S. 485, 114 S.Ct. 1732, 1739 (1994)(following setting aside of state prior conviction federal court permits re-opening of federal sentencing upon which state prior was used to enhance federal sentence). *United States v. Nichols*, 30 F.3d 35, 36 (5th Cir. 1994)(government conceded *Curtis* permits re-sentencing). *United States v. Walker*, 198 F.3d 811, 813 (11th Cir. 1999)(same).

Mena suggests that the state of Texas "has been known to recognize ... violations ... under the Vienna Convention" ... and that he "has a realistic possibility of overturning his state prior conviction that was used to enhance the federal sentence under attack" herein. Mena does not cite any legal authority for this proposition. The undersigned has been unable to locate any legal authority for Mena's assertion. In fact, Texas jurisprudence suggests that the Vienna Convention does not create "personal rights", which would allow for overturning a Texas conviction for violation of the Vienna Convention. *Sifuentes v. State*, 29 S.W.3d 238, 243 (Tex.App. Amarillo 2000)(citing *Breard v. Greene*, 523 U.S. 371, 377, 118 S.Ct. 1352, 1355 (1998). The extent of any redress appears limited to excluding evidence obtained in violation of the Convention, although recent case law questions redress even to that extent. *Rocha v. State*, 16 S.W.3d 1, 19 (Tex.Crim.App.2000), *Villarreal v. State*, 2001 WL 1346366 (Tex.App.-Corpus

4

Christi, 2001)(Vienna Convention violation is not "law" for purposes of exclusionary rule)[2].

Further, under 28 U.S.C. §2255(4), the one-year statute of limitations runs from the date a petitioner "discovered", or "could have discovered through the exercise of due diligence", the facts which eventually served to overturn his prior conviction. *Brackett v. United States*, 270 F.3d 60, 68-69 (1st Cir. 2001). But see: *United States v. Hoskie*, 144 F.Supp.2d 108 (D.Conn. 2001)(§2255[4] runs from date state prior overturned). So, even if Mena prevails in having his state court conviction overturned, his next hurdle will be to overcome the one-year limitations provision of §2255(4). As his state conviction related to a January 25, 1999, arrest for delivery of marihuana, in which Mena claims his consular rights were withheld from him, Mena was aware of this "fact" thirty-four (34) months ago. He is well beyond the limit of §2255(4).

Mena's stay beyond the original §2255(1) limitations period (December 17, 2001, plus thirty days, or January 16, 2002) serves no purpose and should be denied.

---

[2] Case not yet released for publication, may be subject to revision or withdrawal.

5

## V.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Mena's "indefinite" Motion for Stay be denied, or in the alternative, that the Stay be extended only until January 16, 2002.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to HECTOR MENA-VEGA, No. 86299-079, FCI Beaumont, P.O. Box 26040, Beaumont, Texas, 77720 on this the ____ day of December, 2001.

_____
MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff | § § § § | |
| vs. | § | CA B-00-144 |
| HECTOR MENA-VEGA,<br>    Petitioner-Defendant<br>    (CR B-99-354) | § § § § | |

## ORDER

The Court, having considered Mena's motion for stay and the Government's response, concludes that the proceeding be STAYED until January 16, 2002.

DONE on this the _____ day of _____, 2001 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE