**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 1 4 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

HECTOR MENA-VEGA,          §
Petitioner,                §
                           §
v.                         §          CIVIL ACTION NO. B-01-144
                           §          CRIMINAL NO. B-99-354
UNITED STATES OF AMERICA,   §
Respondent.                §

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Hector Mena-Vega has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside,

or Correct Sentence.  For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application

should be DENIED.

### BACKGROUND

On September 9, 1999, Petitioner pleaded guilty without a plea agreement to illegal

reentry after deportation, 8 U.S.C. § 1326(a) & (b).  Petitioner received a 16-level increase in his

guideline score for prior state convictions.   After adjustments,  his guideline level was 21 and he

possessed a criminal history level of VI (PSR 32).  On October 14, 1999, the District Court

sentenced Petitioner to seventy-seven (77) months incarceration.

On December 6, 1999, Petitioner filed a notice of appeal and on September 9, 1999, the

Fifth Circuit Court of Appeals dismissed the appeal as frivolous.  On August 17, 2001, Petitioner

filed this timely 28 U.S.C. § 2255 Application.

### ALLEGATIONS

Mena-Vega alleges his constitutional rights were violated as follows:

1.    His sentence was illegally enhanced by prior convictions, which were obtained in
      violation of the Vienna Convention;

2.    His plea of guilty was not knowing or intelligent as he was then unaware of his rights under the Vienna Convention;

3.    His trial counsel was ineffective in failing to research immigration and criminal law thereby failing to discover that his:

    (A)    prior convictions were obtained in violation of the Vienna Convention and, thus, could not form the basis for the sixteen-level enhancement to his base offense level and an eight-point increase to his criminal history points;

    (B)    prior convictions were obtained in violation of the Vienna Convention which weaken his plea bargaining position;

    (C)    prior convictions were obtained in violation of the Vienna Convention, thus, depriving him of "feasible defenses"; and

    (D)    failing to move for downward departure due to prospective deportation.

4.    The collateral consequences of Mena-Vega's conviction deprived him of constitutional equal protection and due process under the law.  Because as a non-citizen, he is not eligible to programs available to citizens.

5.    Mena-Vega's conviction violates *Apprendi*.

## STANDARD OF REVIEW

Due to the fact that Mena-Vega filed an appeal with the Fifth Circuit Court of Appeals on January 13, 2000, and did not raise the issues he now raises in his federal writ, now he must first show cause that would excuse his failure to raise these claims on direct appeal and actual prejudice from the errors now alleged.

The "cause" standard requires Mena-Vega to show that "some objective factor external to the defense" prevented him from raising on direct appeal the claims he now advances.[1]

---

[1] *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (*quoting Romero v. Collins*, 961 F.3d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639,

"Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to the Petitioner at the prior occasion; and (3) ineffective assistance of counsel in the constitution sense."[2]

The "prejudice" prong of the cause and prejudice test typically is analyzed by looking at some combination of actual innocence, plain error, and non-harmless constitutional error.  In *Strickler v. Greene*,[3] the Supreme Court stated that in resolving the issue of prejudice, "[Petitioner] must convince us that 'there is a reasonable probability' that the result of the trial would have been different if the suppressed documents had been disclosed to the defense."  Put another way, the question is whether the errors complained of could reasonably be taken to put the whole case in a different light as to undermine the confidence of the plea and the sentence in this case.  Mena-Vega can show neither "cause or prejudice" and his writ of habeas corpus should be denied.

## ANALYSIS

A failure to raise constitutional issues on direct appeal gives rise to a procedural bar unless a petitioner can show cause and prejudice for such failure.[4]

### *Claims #1, 3, 3(a), 3(b), and 3(c)*

Mena-Vega's claims numbers 1, 3, 3(a), 3(b), and 3(c) are based on alleged violations of

---

2645).

[2] *Id.*

[3] *Strickler v. Greene*, 527 U.S. 263, at 289 (1999).

[4] *William v. United States*, 805 F.2d 1301 (7th Cir. 1986), *cert. denied*, 481 U.S. 1039 (1987).

the Vienna Convention. Mena-Vega offers no evidence in his petition, nor way of affidavit, to show "cause" why these issues were not raised on direct appeal. Additionally, Mena-Vega does not claim actual innocence, thus, he fails the cause and prejudice prongs and his writ should be denied.

Petitioner's claims under the Vienna Convention fail on other grounds. Mena-Vega erroneously advances the argument that the Vienna Convention confers "personal rights to inmates which, if violated, rise to the level of constitutional violations which are cognizable under § 2255."

In *Beard v. Greene*,[5] the Supreme Court declined to characterize the Vienna Convention as confirming personal rights upon individuals. The Vienna Convention arguably confers upon an individual the right to consular assistance following an arrest.[6] However, even if "personal rights" were so created, the "Treaty" does not create constitutional or fundamental rights.[7] Regardless, showing actual prejudice is necessary. In *Beard*,[8] the Supreme Court stated, "[i]t is extremely doubtful that a violation of the Vienna Convention should result in the overturning of a final judgment of conviction without some showing that the violation had some effect on trial."

Here, Mena-Vega was charged and convicted of illegal entry after deportation. The evidence, which was the basis of his conviction, consisted of Mena-Vega's discovery in the

---

[5] *Beard v. Greene*, 523 U.S. 371, 118 S.Ct. 1352 (1998); *see United States v. Ediale*, 201 F.3d 438 (4th Cir. 1999).

[6] *Id.*

[7] *United States v. Ademaj*, 170 F.3d 58, 67 (1st Cir. 1999); *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997).

[8] *Id.*

4

United States, the government records evidencing his immigration status and lack of official permission to enter. Mena-Vega does not allege, nor can he prove, prejudice he suffered and how it impacted his conviction.

Mena-Vega's objections are an attempt to collaterally attack his prior conviction. This cannot be done under precedent set forth in *Teague v. Lane*.[9] Federal courts are ordinarily barred from applying new constitutional rules of criminal procedure retroactively on collateral review.[10] Absent compelling reasons to the contrary, a federal court should apply the holding in *Teague*.[11] According to *Teague*, a "new rule" is one which was not promulgated by precedent existing at the time the defendant's conviction became final.[12] The non-retroactive doctrine of *Teague*

---

[9] *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989); *Flores v. Johnson*, 210 F. 3d at 458.

[10]*See Caspari v. Bohlen*, 510 U.S. 383, 389-90 (1994); *Teague v. Lane*, 489 U.S. 288, 310 (1989); *Jackson v. Johnson*, 217 F.3d 360, 361 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 817 (5th Cir. 2000), *cert. denied*, 531 U.S. 957 (2000); *Matthew v. Johnson*, 201 F.3d 353, 359 (5th Cir. 2000), *cert. denied*, 531 U.S. 830 (2000); *Johnson v. Puckett*, 176 F.3d 809, 819 (5th Cir. 1999); *Vega v. Johnson*, 149 F.3d 354, 357 (5th Cir. 1998), *cert. denied*, 525 U.S. 1119 (1999); *Johnson v. Scott*, 68 F.3d 106, 111 n.10 (5th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Lackey v. Scott*, 52 F.3d 98, 100 (5th Cir. 1995), *stay granted and cert. dism'd*, 514 U.S. 1093 (1995); *Davis v. Scott*, 51 F.3d 457, 466-67 (5th Cir. 1995), *cert. denied*, 516 U.S. 992 (1995); *Mann v. Scott*, 41 F.3d 968, 976 (5th Cir. 1994), *cert. denied*, 514 U.S. 1117 (1995); *Crank v. Collins*, 19 F.3d 172, 175 (5th Cir. 1994), *cert. denied*, 512 U.S. 1214 (1994); and *Motley v. Collins*, 18 F.3d 1223, 1230 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[11]*See Jackson v. Johnson*, 217 F. 3d 360, 361-63.

[12]*See O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (holding that a "new rule" either "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "dictated by precedent existing at the time the defendant's conviction became final"); *Caspari v. Johnson*, 510 U.S. at 390; *Murphy v. Johnson*, 205 F.3d at 817; *Truman v. Johnson*, 205 F.3d 844, 846 (5th Cir. 2000), *cert. denied*, 530 U.S. 1219 (2000); *Vega v. Johnson*, 149 F.3d at 357; *Lucas v. Johnson*, 132 F.3d 1069, 1080-81 n.7 (5th Cir. 1998), *cert. dism'd*, 524 U.S. 965 (1998); *White v. Johnson*, 79 F.3d 432, 437-38 (5th Cir. 1996), *cert. denied*, 519 U.S. 911 (1996); *Davis v. Scott*, 51 F.3d at 459-60; *Mann v. Scott*, 41 F.3d at 976; *Crank v. Collins*, 19 F.3d at 175; and *Motley v. Collins*, 18 F.3d at 1230.

additionally applies to an avant-garde application of a preempted rule.[13]

Mena-Vega's Treaty claims have no legal support, thus, his counsel's performance cannot be shown to be deficient under the standards enunciated in *Strickland v. Washington*. The standard for ineffective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[14]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[15] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of

---

[13]*See Stringer v. Black*, 503 U.S. 222, 227-29 (1992); *Butler v. McKellar*, 494 U.S. 407, 414-15 (1990); *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); and *Lackey v. Scott*, 52 F.3d 98, 100 (5th Cir. 1995).

[14] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[15] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

reasonable professional assistance.[16]  The courts are extremely deferential in scrutinizing the

performance of counsel and make every effort to eliminate the distorting effects of hindsight.[17]  It

is strongly presumed that counsel has rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment.[18]  An attorney's strategic choices,

usually based on information supplied by the defendant and from a thorough investigation of

relevant facts and law are virtually unchallengeable.[19]  Counsel is required neither to advance

---

[16] *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); *Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997), *cert. denied*, 523 U.S. 1099 (1998); *Belyeu v. Scott*, 67 F.3d 535, 538 (5th Cir. 1995), *cert. denied*, 517 U.S. 1144 (1996); *Duff-Smith v. Collins*, 973 F.2d at 1182.  A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *See Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993); *Martin v. Maggio*, 711 F.2d 1273, 1279 (5th Cir. 1983), *cert. denied*, 469 U.S. 1028 (1984).

[17] *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Burger v. Kemp*, 483 U.S. 776, 789 (1987); *Strickland v. Washington*, 466 U.S. at 689; *United Stats v. Drones*, 218 F.3d 496, 500-03 (5th Cir. 2000); *Carter v. Johnson*, 131 F.3d at 463; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997), *cert. denied*, 525 U.S. 859 (1998); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996); and *Belyeu v. Scott*, 67 F.3d at 538.  The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson*, 83 F.3d 714, 723 (5th Cir. 1996), *cert. denied*, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. *See Williams v. Cain*, 125 F.3d at 276, *citing Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[18] *See Strickland v. Washington*, 466 U.S. at 690; and *Duff-Smith v. Collins*, 973 F.2d at 1182.

[19] *See Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999); *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied*, 522 U.S. 944 (1997); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); *Boyle v. Johnson*, 93 F.3d 180, 187-88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406-09 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997) (holding that a trial counsel's failure to conduct

every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[20] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[21] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[22]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[23] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on

---

further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *Bryant v. Scott*, 28 F.3d 1411, 1435 (5th Cir. 1994), *citing Strickland v. Washington*, 466 U.S. at 691; and *Andrews v. Collins*, 21 F.3d at 623 (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[20] *See Neal v. Cain*, 141 F.3d 207, 214-15 (5th Cir. 1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992), *cert. denied*, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources"); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); and *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

[21] *See Sharp v. Johnson*, 107 F.3d 282, 290 n.28 (5th Cir. 1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[22] *See United States v. Cronic*, 466 U.S. 648, 656 n.19 (1984); and *Jones v. Jones*, 163 F.3d at 303.

[23] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

the judgment."[24] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[25] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[26] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[27]

The *Strickland* test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[28] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[29]

Because a convicted defendant must satisfy <u>both</u> prongs of the *Strickland* test, a failure to

---

[24] *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

[25] *Id.*

[26] *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694.

[27] *Williams v. Taylor*, 529 U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

[28] *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir. 1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

[29] *See Hill v. Lockhart*, 474 U.S. at 58-59; *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000); *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995), *cert. denied*, 516 U.S. 1133 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[30]  Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[31]  It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[32]  Mere conclusory allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[33]  Here, Mena-Vega's claims of ineffective assistance are conclusory and do not rise to the constitutional standard in which he must prove in order to be granted relief.

### *Claim #2*

Mena-Vega's claim number 2, that his plea of guilty was not knowing or intelligent because he was then unaware of his rights under the Vienna Convention, must fail for the same reasons and analysis stated above.

Additionally, Mena-Vega's claim fails on other grounds.  "A guilty plea will be upheld on

---

[30] *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993) (holding that the defendant bears the burden of proof on both prongs of the *Strickland* test).

[31] *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

[32] *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986), *cert. denied*, 482 U.S. 916 (1987); and *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

[33] *See Kinnamon v. Scott*, 40 F.3d 731, 735 (5th Cir. 1994), *cert. denied*, 513 U.S. 1054 (1994); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Russell v. Lynaugh*, 892 F.2d 1205, 1213 (5th Cir. 1989), *cert. denied*, 501 U.S. 1259 (1991); *United States v. Woods*, 870 F.2d 285, 288 n.5 (5th Cir. 1989); and *Ross v. Estelle*, 694 F.2d 1008, 1011-12 & n.2 (5th Cir. 1983).

habeas review if entered into knowingly, voluntarily, and intelligently."[34]  To be knowing and intelligent, the defendant must possess "a full understanding of what the plea connotes and of its consequences."[35]  The defendant need only understand the direct consequences of the plea; he need not be made aware of every consequence that, absent a plea of guilty, would not otherwise occur.[36]  Here, the U.S. Magistrate Judge made an affirmative finding that Mena-Vega fully understood the charges against him and that he freely and voluntarily waived his constitutional and statutory rights (Doc. No. 18).  The record, thus, demonstrates that Mena-Vega entered his plea voluntarily.  His contention that his plea was not voluntary is not supported by the record nor has he shown cause and prejudice as required.

### *Claims #3(d) and 4*

Mena-Vega's claims No. 3(d)  and No. 4, which argue that his trial counsel provided ineffective assistance of counsel for failure to move for a downward departure based on prospective deportation, and collateral consequences of imprisonment are baseless.  In *United States v. Navarro*,[37] the Court rules that deportability is not a viable justification for a downward departure.

The issue for an alien's eligibility for a downward departure, due to collateral

---

[34] *Montoya v. Johnson*, 226 F.2d 399, 404 (5th Cir. 2000).

[35] *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969).  *See also United States v. Hernandez*, 234 F.3d 252, 254-255 (5th Cir. 2000).

[36] *Trujillo v. United States*, 377 F.2d 266 (5th Cir. 1967) *cert. denied*, 389 U.S. 899, 88 S.Ct. 244, 19 L.Ed. 2d 221 (1967).

[37] *United States v. Navarro*, 218 F.3d 895, 898 (8th Cir. 2000).

consequences, was decided by the Fifth Circuit six years prior to Mena-Vega's conviction.[38]  The Fifth Circuit does not now, nor has it ever, sanctioned such downward departures.

In *United States v. Koon*,[39] the Supreme Court held that in "atypical cases," a downward departure could be granted if the case falls outside the "heartland" of cases in that category. Here, Mena-Vega fails to make such a claim nor does the record or case law support such a departure.

Additionally, 18 U.S.C. § 3624(c) prohibits the assignment of aliens to halfway houses. Mena-Vega's claims have no legal support, thus, his counsel's performance cannot be shown to be deficient under the standards enunciated in *Strickland v. Washington*[40] and *Roe v. Flores-Ortega*.[41]  As Mena-Vega has failed to demonstrate, he was eligible for the alleged defenses and departures, he can show neither cause or prejudice by his attorney's failure to take such action.

### *Claim #5*

Mena-Vega's claim number 5, that his conviction violates *Apprendi,* is without merit. *Apprendi* claims are not cognizable on collateral review, nor is *Apprendi* retroactive to cases on collateral review by circuits.[42]

Even if *Apprendi* claims were deemed cognizable, Mena-Vega would still not be entitled to relief.  Mena-Vega argues that the "aggravated felony" provision of 8 U.S.C. § 1326(b)(1) is

---

[38] *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993).

[39] *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996).

[40] *Strickland v. Washington*, 466 U.S. 688, 686, 104 S.Ct. 2052, 2064 (1984).

[41] *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1834 (2000).

[42] *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001).

an essential element of the offense, rather than a sentencing enhancement factor, and that it must be pled in the indictment. This argument was expressly rejected by the Supreme Court.[43]

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[44]

DONE at Brownsville, Texas, this ___11th___ day of March 2002.

Felix Recio
United States Magistrate Judge

---

[43] *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27, 118 S.Ct. 1219 (1998).

[44] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

13

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR MENA-VEGA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-144 |
| | § | CRIMINAL NO. B-99-354 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2002.


_____
Hilda Tagle
United States District Judge

14